IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CLINTON WYLIE, § | |
|     Plaintiff, § | |
| § | |
| v. § | No. 3:19-cv-230-L (BT) |
| § | |
| RICHARD WYLIE, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Clinton Wylie, proceeding *pro se* and *in forma pauperis*, filed this civil action asserting a claim for breach of contract. For the following reasons, the district court should dismiss Plaintiff's complaint.

I.

Plaintiff, a resident of Fort Worth, Texas, brings this action against his former business associate, Richard Wylie, a resident of Grand Prairie, Texas. By his complaint, he alleges that he entered into an oral contract with Defendant to advertise Defendant's business on the internet. Plaintiff claims he performed the contract, but Defendant failed to pay him. Plaintiff seeks fifty percent of the business earnings from internet sales and money damages.

II.

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

1

(1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001). Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 18 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties, and the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

The Court must liberally construe pleadings filed by *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under the most liberal construction, however, Plaintiff has failed to allege facts supporting federal question or diversity jurisdiction. The complaint does not present a federal cause of action. Rather, Plaintiff asserts only a state law breach of contract claim against Defendant. Further, the complaint does not allege that the parties are citizens of different states. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (stating district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants). Therefore, the complaint should be dismissed for lack of subject matter jurisdiction.

III.

For the foregoing reasons, the Court recommends that Plaintiff's

complaint be dismissed without prejudice for lack of subject matter jurisdiction.

Signed February 22, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).